*E-Filed 1/17/13*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ISAAC MCKINLEY,<br><br>    Petitioner,<br><br>  v.<br><br>J. MCDONALD, Warden,<br><br>    Respondent. | No. C 12-5048 RS (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Petitioner seeks federal habeas relief from his state convictions. The petition for such relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

According to the petition, in 2005, petitioner pleaded guilty in the Santa Clara County Superior Court to charges of battery and false imprisonment. He was sentenced to a total term of 17 years.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). As grounds for federal habeas relief, petitioner alleges that (1) the trial court imposed an impermissible sentence, and (2) the denial of parole violates his right to due process.

The petition will be dismissed as a second or successive petition. Petitioner has filed at least one previous habeas action regarding the same conviction at issue here, viz., No. C 09-03865 RMW, which was filed here in the Northern District on August 24, 2009 and dismissed on July 31, 2012. In order to file a second or successive petition, petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Because petitioner has not shown that he has received such authorization, the instant petition must be dismissed as second or successive to the prior-filed petition. Accordingly, the petition is DISMISSED with prejudice.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner's motion to proceed *in forma pauperis* (Docket No. 3) is GRANTED. The Clerk shall terminate Docket No. 3, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED**.

DATED: January 17, 2013

_____
RICHARD SEEBORG
United States District Judge