*E-Filed 1/17/13*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ISAAC MCKINLEY, | No. C 12-5048 RS (PR) |
| Petitioner, | **AMENDED ORDER OF DISMISSAL** |
| v. | |
| J. MCDONALD, Warden, | |
| Respondent. | |

This amended order of dismissal entirely replaces and renders inoperative the prior order of dismissal, Docket No. 5. Petitioner filed a petition for writ of habeas corpus in 2009 to challenge his 2005 conviction in the Santa Clara County Superior Court. *See McKinley v. Haviland*, N. D. Cal. Case No. 09-3865 RMW. The Court dismissed the petition, and petitioner appealed to the Ninth Circuit, where the appeal is pending.

The instant action was opened when petitioner filed a new habeas petition that, like his 2009 petition, challenged his 2005 conviction. This action must be dismissed because a petitioner generally cannot file multiple petitions challenging a single conviction except in limited circumstances and with permission from the Ninth Circuit. *See* 28 U.S.C. § 2244(b). Since the 2009 action is pending in the appellate court, petitioner is directed to follow these instructions:

"[O]nce judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60" of the Federal Rules of Civil Procedure.  *See Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996).  This is a high hurdle to overcome, as judgment is not properly reopened "'absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'"  *Weeks v. Bayer*, 246 F.3d 1231, 1236–37 (9th Cir. 2001) (quoting 389 *Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).  Therefore, petitioner must file a Rule 60 motion in the 2009 action (Case No. 09-3865 RMW) to get that case reopened so that the district court can consider a motion to amend that he also must file in that action.

There are additional steps that first must be taken because the pending appeal in the 2009 action has divested the district court of jurisdiction.  When a petitioner wants to file a Rule 60(b) motion in a case already on appeal, the petitioner may request the district court to indicate whether it would entertain such a motion.  *See Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004).  "To seek Rule 60(b) relief during the pendency of an appeal, "'the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move [the appellate] court, if appropriate, for remand of the case.'"  *Id.* (citations omitted).  If this procedure is not observed, the district court lacks jurisdiction to consider the Rule 60(b) motion.  *See id.*

The procedure described in *Williams* is an appropriate course of action for petitioner's situation.  That is, the first step for petitioner is to file a motion in the 2009 (Case No. 09-3865 RMW) action asking the district court whether it will entertain a Rule 60(b) motion that seeks to add claims to the existing § 2254 petition.  If the district court indicates it will entertain or grant a Rule 60(b) motion, then petitioner will need to take the second step and apply to the Ninth Circuit for a remand of that case so that the district court may consider his Rule 60(b) motion in the 2009 action.  If the Ninth Circuit remands the case, the third step is

to file a Rule 60(b) motion in the district court. Petitioner should act swiftly to file those motions (i.e., the motion asking if the court will entertain a Rule 60(b) motion, the request to the Ninth Circuit for a remand, and the Rule 60(b) motion) to avoid a much greater hurdle that will exist if the Ninth Circuit resolves his appeal before he gets a chance to seek a remand. Petitioner also is cautioned that all the motions must be filed in the 2009 action (i.e., (Case No. 09-3865 RMW) and not in this action.

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner's motion to proceed *in forma pauperis* (Docket No. 3) is GRANTED. The Clerk shall terminate Docket No. 3, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED**.

DATED: January 17, 2013

_____
RICHARD SEEBORG
United States District Judge